UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JARED J BAILEY,

               Petitioner,

   v.

THURSTON COUNTY, *et al*,

               Respondents.

CASE NO. 3:22-cv-05972-RAJ-JRC

ORDER TO SHOW CAUSE

      This matter is before the Court on referral from the district court and on this Court's review of the habeas petition. Dkt. 1.

      Petitioner Jared J. Bailey paid the filing fee and filed a petition pursuant to 28 U.S.C. § 2254. *See* Dkt. 1. Under Rule 4 of the Rules Governing § 2254 cases, the Court is required to perform a preliminary review of a habeas petition and must dismiss it without directing respondents to answer if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." *See also Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir.1990). The Court reviewed the petition and declines to direct respondents to

answer. Instead, petitioner is ordered to show cause by February 17, 2023, why this action should not be dismissed for the following reasons.

First, for this Court to have subject-matter jurisdiction over a habeas petition, the petitioner must be "in custody." 28 U.S.C. § 2254(a) states that "a district court shall entertain an application for a writ of habeas corpus in behalf of a person *in custody* pursuant to the judgment of a State court only on the ground that he is *in custody* in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254 (emphases added). The petitioner bears the burden of establishing the Court has subject matter jurisdiction. *See Dow v. Circuit Court of the First Circuit*, 995 F.2d 922, 923 (9th Cir. 1993).

Petitioner asserts that he has not been convicted and is only challenging the Constitutionality of his arrest and the charges against him. *See* Dkt. 1 at 1. It does not appear that he is in pretrial detention either because petitioner's address on file with the Court appears to be a residential address. *See* Dkt. Thus, it does not appear that petitioner is "in custody." Petitioner must show cause why this matter should not be dismissed for lack of subject-matter jurisdiction.

Second, under Rule 2(a) of the Rules Governing Section 2254 Cases, "the petition must name as respondent the state officer who has custody." Additionally, the petition must "substantially follow" a form prescribed by the local district court or the form attached to the Rules Governing Section 2254 Cases. *Id.* at Rule 2(d).

The petition in this matter names Thurston County and the City of Olympia as respondents. *See* Dkt. 1 at 1. Aside from the fact that petitioner does not appear to be in custody, these entities would not be proper respondents in this action. Further, the petition is 132 pages long and recites entire statutes, acts, religious verses, and includes other miscellaneous documents. *See generally* Dkt. 1. Most notably, the petition does not make clear what relief

ORDER TO SHOW CAUSE - 2

1  petitioner seeks. *See id.* (listing as relief "Court ordered Writ granting Habeas Corpus Petition;
2  injunctive relief"). Thus, the petition is deficient and must be amended to address these issues.
3  Finally, because petitioner does not appear to be in custody, it may be that petitioner
4  intended to file a civil action pursuant to 42 U.S.C. § 1983. If that is the case, petitioner must file
5  a § 1983 complaint and pay the filing fee or seek to proceed *in forma pauperis*.

### INSTRUCTIONS

Petitioner must show cause why this matter should not be dismissed for the reasons stated above. **Petitioner's response is due by February 17, 2023.** If petitioner fails to respond or adequately address the issues raised in this Order, the Court will recommend dismissal of this action.

The Clerk shall provide petitioner a copy of this Order.

Dated this 20th day of January, 2023.

J. Richard Creatura
Chief United States Magistrate Judge