UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JARED J. BAILEY,

      Petitioner,

  v.

THURSTON COUNTY, *et al.*,

      Respondents.

CASE NO. 3:22-cv-05972-RAJ-GJL

REPORT AND RECOMMENDATION

Noting Date: June 9, 2023

The District Court has referred this action to United States Magistrate Judge Grady J. Leupold. The Court has screened Petitioner's federal habeas Petition filed pursuant to 28 U.S.C. § 2241 and finds Petitioner has not stated a viable claim for relief in his Petition. Therefore, the Court recommends the Petition be dismissed without prejudice.

**I. Background**

On December 15, 2022, Petitioner Jared J. Bailey, proceeding *pro se*, paid the filing fee and filed a proposed federal habeas Petition pursuant to 28 U.S.C. § 2254. Dkt. 1. The Court reviewed the Petition and issued an Order to show cause. *See* Dkt. 4. The Court identified two

REPORT AND RECOMMENDATION - 1

deficiencies in the Petition. First, the Court noted that Petitioner did not appear to be "in custody" for purposes of habeas corpus relief. *See* Dkt. 4 at 2. Second, the Court explained that Petitioner did not name the proper Respondents. *See id.*

On February 14, 2023, Petitioner filed a response to the Court's Order. *See* Dkt. 5. As to his "in custody" status, Petitioner stated that, on December 9, 2022, he was "[o]rdered into the [c]ustody of Thurston County Probation Services by Thurston County Superior Court." Dkt. 5 at 1. Petitioner did not name the proper Respondent. *See generally id*. In addition, the response was unclear as to whether Petitioner is challenging a conviction. *See generally id*. After reviewing the response, the Court issued another Order to show cause directing Petitioner to: (1) name the proper Respondent(s); (2) provide the relevant information regarding the state court proceedings he is challenging; and (3) and use the Court-provided form for filing a habeas petition. Dkt. 6.

On April 11, 2023, Petitioner filed a proposed federal habeas Petition pursuant to 28 U.S.C. § 2241 rather than 28 U.S.C. § 2254. Dkt. 8. In the Petition, Petitioner identifies himself as a pretrial detainee, names the Thurston County District Attorney as Respondent, and raises four grounds for relief: (1) the City of Olympia Police unlawfully arrested him on December 9, 2022; (2) the City of Olympia Police assaulted him and unlawfully searched and seized his property during his arrest; (3) Petitioner was unlawfully detained without the filing of an Information until five days after his arrest; and (4) there was no finding of probable cause for his arrest. Dkt. 8.

**II.     Discussion**

The Court has reviewed the Petition and concludes Petitioner has not shown he has exhausted available state remedies and finds it would be inappropriate for the Court to intervene in this case.

A. Exhaustion

"[A] state prisoner must normally exhaust available state judicial remedies before a federal court will entertain his petition for habeas corpus." *Picard v. Connor*, 404 U.S. 270, 275 (1971). Petitioner's claims will be considered exhausted only after "the state courts [have been afforded] a meaningful opportunity to consider allegations of legal error without interference from the federal judiciary." *Vasquez v. Hillery*, 474 U.S. 254, 257 (1986). "[S]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999).

Although there is no exhaustion requirement mandated by 28 U.S.C. § 2241(c)(3), the courts have held exhaustion is necessary as a matter of comity unless special circumstances warrant federal intervention prior to a state criminal trial. *Carden v. Montana*, 626 F.2d 82, 83-84 (9th Cir. 1980); *see Younger v. Harris*, 401 U.S. 37 (1971). Petitioner fails to show he has exhausted state court remedies by presenting federal constitutional or statutory claims to the Washington state trial and appellate courts in the ongoing criminal proceedings against him. Petitioner has also not shown special circumstances to warrant federal intervention in this case. As Petitioner has not shown he has exhausted his state court remedies, the Court finds the Petition should be dismissed.

B. *Younger* Abstention

Petitioner's case is also inappropriate in federal court under the *Younger* abstention doctrine. *Younger*, 401 U.S. 37. The *Younger* abstention doctrine bars federal courts from staying or enjoining pending state criminal court proceedings unless there are exceptional circumstances. *Carden*, 626 F.2d at 83. Under *Younger*, abstention from interference with pending state judicial

REPORT AND RECOMMENDATION - 3

proceedings is appropriate when: "(1) there is 'an ongoing state judicial proceeding'; (2) the proceeding 'implicate[s] important state interests'; (3) there is 'an adequate opportunity in the state proceedings to raise constitutional challenges'; and (4) the requested relief 'seek[s] to enjoin' or has 'the practical effect of enjoining' the ongoing state judicial proceeding." *Arevalo v. Hennessy*, 882 F.3d 763, 765 (9th Cir. 2018) (quoting *ReadyLink Healthcare, Inc. v. State Comp. Ins. Fund*, 754 F.3d 754, 758 (9th Cir. 2014)).

First, Petitioner is a pretrial detainee with ongoing state proceedings. Second, as these proceedings involve a criminal prosecution, they implicate important state interests. *See Kelly v. Robinson*, 479 U.S. 36, 49, (1986); *Younger*, 401 U.S. at 43-44. Third, Petitioner has failed to allege facts showing he has been denied an adequate opportunity to address the alleged constitutional violations in the state court proceedings. Last, the Petition would effectively enjoin the ongoing state judicial proceeding. Rulings on the issues raised in the Petition would have a substantial disruptive effect on the state court criminal proceedings against Petitioner and, thus, *Younger* abstention applies to this case.

In extraordinary cases, a federal court can intervene in a pending state matter notwithstanding the *Younger* abstention rule. Federal injunctive relief against pending state prosecutions is appropriate "[o]nly in cases of proven harassment or prosecutions undertaken by state officials in bad faith without hope of obtaining a valid conviction and perhaps in other extraordinary circumstances where irreparable injury can be shown[.]" *Perez v. Ledesma*, 401 U.S. 82, 85 (1971); *Carden*, 626 F.2d at 84 (*Younger* abstention appropriate despite the prosecution's allegedly "unfair" charging practices and "deliberate delay" of the proceedings). Petitioner has failed to show injunctive relief is appropriate in this case.

REPORT AND RECOMMENDATION - 4

Under the circumstances presented in this case, federal intervention with Petitioner's pending state criminal proceedings would be inappropriate under the *Younger* abstention doctrine. Therefore, the Court finds the Petition should be dismissed.

### C. Claim Based on Petitioner's Arrest

In Ground 2, Petitioner alleges he was assaulted and battered when he was arrested. Dkt. 8 at 10. The Fourth Amendment to the U.S. Constitution prohibits unreasonable seizures. Whether an officer used excessive force under the Fourth Amendment involves an objective inquiry into whether an officer's actions were reasonable considering particular circumstances. *Graham v. Connor*, 490 U.S. 386, 394 (1989). Here, Petitioner fails to allege any facts in support of his contention that officers assaulted him during his arrest. Without more, the Court is unable to determine that the "officer[s]' actions were not reasonable considering the particular circumstances." *Id*. at 394. Thus, the Court finds the Petition should be dismissed.

### D. Conclusion

Petitioner has failed to show he exhausted his state remedies and federal intervention would be in appropriate under the *Younger* abstention doctrine. Further, Petitioner's claim based on assault during the course of his arrest should not proceed. As Petitioner has not identified any viable claim for relief in his Petition for writ of habeas corpus, the Court recommends the Petition and this action be dismissed without prejudice.

## III. Certificate of Appealability

A state prisoner who is proceeding pursuant to § 2241 must obtain a Certificate of Appealability ("COA") under 28 U.S.C. § 2253(c)(1)(A) in order to challenge process issued by a state court. *Wislon v. Belleque*, 554 F.3d 816, 825 (9th Cir. 2009). A COA may be issued only where a petitioner has made "a substantial showing of the denial of a constitutional right." *See* 28

U.S.C. § 2253(c)(3). A petitioner satisfies this standard "by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El. v. Cockrell*, 537 U.S. 322, 327 (2003). Under this standard, Petitioner is not entitled to a COA. If Petitioner believes the Court should issue a certificate of appealability, he should set forth his reasons in his objections to this Report and Recommendation.

## IV.    Conclusion

For the foregoing reasons, the Court recommends the Petition (Dkt. 8) and this action be dismissed without prejudice. The Court also recommends a Certificate of Appealability not be issued.

Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b), the parties shall have fourteen (14) days from service of this report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of *de novo* review by the district judge, *see* 28 U.S.C. § 636(b)(1)(C), and can result in a waiver of those objections for purposes of appeal. *See Thomas v. Arn*, 474 U.S. 140, 142 (1985); *Miranda v. Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012) (citations omitted). Accommodating the time limit imposed by Rule 72(b), the Clerk is directed to set the matter for consideration on June 9, 2023, as noted in the caption.

Dated this 24th day of May, 2023.

Grady J. Leupold
United States Magistrate Judge